**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1040-15T4

KAREN DEMARTINI and ANDREW
HAVEN,

    Plaintiffs-Appellants,

v.

ROBERT BERLIN, individually and
t/a T.F.J. FITNESS LLC, EDWARD
LEVIN, FERNANDO BARRESE, JILL
BERLIN, individually and T.F.J.
FITNESS LLC,

    Defendants,

and

RETROFITNESS, LLC,

    Defendant-Respondent.

_____

Argued April 5, 2017 — Decided May 8, 2017

Before Judges Alvarez, Manahan, and Lisa.

On appeal from the Superior Court of New
Jersey, Law Division, Monmouth County, Docket
No. L-3888-10.

Craig Hilliard argued the cause for appellants
(Stark & Stark, attorneys; Mr. Hilliard and
Gene Markin, of counsel and on the briefs).

Justin M. Klein argued the cause for respondent (Marks & Klein, LLP, attorneys; Mr. Klein, on the brief).

PER CURIAM

Plaintiffs Karen DeMartini and Andrew Haven appeal from the Law Division's October 24, 2014 grant of summary judgment to defendant Retrofitness, LLC (Retro), dismissing their third amended complaint.[1] For the reasons stated by Judge Dennis O'Brien in his thoughtful and cogent decision, we affirm.

Plaintiffs initially contacted Retro, a gym franchisor, in 2007 regarding their interest in opening a franchise at their athletic facility premises. Retro's corporate office sent Berlin, who owned a franchise in Wallington and served as a salesman for the company, to meet with them regarding the process. Because acquisition of a franchise would have called for retrofitting the building DeMartini had just renovated, plaintiffs did not pursue the matter further.

In December 2008, after selling the building they previously owned, plaintiffs again contacted Retro regarding a franchise and met with Berlin, who delivered a franchise application. In mid-January 2009, DeMartini gave Berlin $49,220 in cash to deliver to

---

[1] A footnote in plaintiffs' brief states that the matter was later tried against defendant Robert Berlin. Plaintiffs obtained a judgment totaling $496,771.48, based on claims of fraud, breach of contract, and breach of fiduciary duty.

Retro for the franchise purchase, and she later signed the agreement at Retro headquarters.

Some weeks after that, Berlin contacted plaintiffs regarding another business proposition. He visited their home, and told them that Retro wanted to expand its East Coast presence into Margate, Florida, and that for a $500,000 initial investment in the project, they could acquire a twenty-five percent interest. Berlin mischaracterized Retro's awareness of plaintiffs' involvement in the Margate project. He also incorrectly assured them that they could indefinitely delay developing the New Jersey franchise they had already purchased. Plaintiffs believed, mistakenly, that Berlin was selling them a share in a successful enterprise in which he had a financial stake.

Plaintiffs gave Berlin a total of $240,000 as the down payment for their interest in the Margate project by September 23, 2009. The balance of $260,000 was to be paid into the business from their twenty-five percent share of the profits.

In May 2010, Berlin obtained an additional $50,000 from plaintiffs as a short-term loan, on the pretense that the money was urgently needed by one of Berlin's partners. He gave them post-dated checks to pay the money back, which did not clear. By August 2010, the checks had failed to clear and plaintiffs learned

A-1040-15T4

that they had no interest whatsoever in the Margate venture, which had collapsed.

When Berlin was engaged by Retro to act as their salesman, the company was apparently unaware that his life insurance license had been revoked for questionable practices by New Jersey's Department of Banking and Insurance. Berlin's responsibility as a Retro salesperson was limited to providing prospective franchisees with purchase documents and explaining the process, as he did with plaintiffs regarding their New Jersey venture. He did not evaluate applicants, and had no review or approval role with the company as to franchise applications. Berlin's status was as an independent contractor, not an employee.

DeMartini acknowledged in deposition that Retro became aware of plaintiffs' involvement in the Margate project only months after she had paid Berlin the $240,000 towards the investment. Retro's chief financial officer certified that the company had no knowledge of the problems at the failed Margate gym until September 2010, approximately one year after plaintiffs' investment in the business. Nor was Retro aware of Berlin's involvement with the site, as he was neither a franchisee nor an owner. In his deposition, Berlin stated he was "sure" that he had "told somebody at Retrofitness Corp. that [plaintiffs] were going to be [] partner[s] in Margate . . . . I think I mentioned it to somebody."

Judge O'Brien held that plaintiffs could not establish an agency relationship between Retro and Berlin, actual or apparent, nor could they demonstrate negligent hiring. He carefully considered each and every cause of action alleged, concluding that even viewing the facts in the light most favorable to plaintiffs, they had no legal basis for imposing legal liability upon Retro. The franchisor/franchisee relationship alone was not sufficient. The franchise agreement, with which plaintiffs were familiar, as they had signed one with regard to their New Jersey project, explicitly made franchisees independent contractors and "completely separate entities . . ." from Retro. The agreement further stated that neither party was the agent of the other "in any sense."

DeMartini acknowledged that when she invested in the Florida gym, she understood that the business was a franchise, an entity distinct and separate from Retro. She also understood that when Berlin approached plaintiffs, he was acting on behalf of the Florida franchise and not on behalf of Retro. As a result, Judge O'Brien held "[t]hese uncontested facts demonstrate there was not enough control exerted by [Retro] over the Margate location or [the entity that operated the gym] to constitute a principal[-]agency relationship." Plaintiffs could not demonstrate actual authority on these facts.

Since Retro had not acted with regard to the Margate site after the franchise was purchased, and Berlin did not represent that he was acting as Retro's agent with regard to it, he did not have apparent authority which would bind the company. His statement that Retro wanted to expand its East Coast presence did not vest him with apparent authority to act in the company's behalf.

The judge reached a similar conclusion with regard to the negligent hiring claim. The financial losses suffered by plaintiffs as a result of their interaction with Berlin did not arise "from Berlin's actions [as] an independent contractor salesman for Retro." The harm they suffered flowed from his representation of the Margate venture, which plaintiffs knew was a franchise of Retro, and therefore a separate entity. Retro in turn was unaware of plaintiffs' investments in the Florida gym made at Berlin's urging. Plaintiffs did not consult the company regarding their decision. Accordingly, the judge found the claim of negligent hiring was not supported by the facts. He also discussed and dismissed plaintiffs' remaining causes of action against Retro, which dismissals are not being appealed.

Plaintiffs reiterate that there were sufficient issues of material fact regarding agency and negligent hiring that summary judgment should not have been granted. They take the position

that, as a matter of law, they have demonstrated sufficient circumstances supporting their theories of recovery against Retro to warrant reversal.

I.

We review the grant of summary judgment employing the same standard as the motion judge. Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). We consider "the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Ibid.; R. 4:46-2(c).

The facts are viewed in the light most favorable to the non-moving party, Robinson v. Vivirito, 217 N.J. 199, 203 (2014), keeping in mind that an issue is "genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). More is necessary than bare conclusions lacking factual support, Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011), self-serving statements, Heyert v. Taddese, 431 N.J. Super. 388, 413-14 (App. Div. 2013), or disputed facts "of an insubstantial nature." Pressler & Verniero, Current N.J. Court Rules, comment 2.1 on R. 4:46-2 (2016).

When the evidence is so one-sided that the moving party must prevail as a matter of law, summary judgment should be granted. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

II.

Plaintiffs claim that an agency relationship existed, and that Berlin's interactions as a Retro salesman established the franchisor's legal liability despite the franchisor/franchisee relationship. The standard form franchise agreement, however, between Retro and plaintiffs regarding their New Jersey investment, clearly stated that the franchisor and franchisee are separate entities, not responsible for the actions of the other. Thus despite Berlin's status as a salesman for Retro when plaintiffs were purchasing their New Jersey franchise, they had no basis to believe he was acting in that capacity with regard to the Margate site, an already established franchise. Plaintiffs do not suggest any action taken by Berlin regarding the Margate project which demonstrated actual authority. The grant of summary judgment was proper on this theory of recovery as it is not supported by facts.

With regard to apparent authority, we agree with the trial judge that to bind the principal, the principal must have acted in such a way as to mislead a third party into believing an agency relationship existed. See Mercer v. Weyerhaeuser Co., 324 N.J.

Super. 290, 317 (App. Div. 1999). The doctrine focuses on the reasonable expectations of innocent third parties. In making the determination, the totality of the circumstances are taken into consideration. N.J. Lawyer's Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 220 (2010). The determination requires scrutiny of "the actions of the principal, not the alleged agent." Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 497 (App. Div.), certif. denied, 177 N.J. 224 (2003).

After full discovery, plaintiffs cannot refute Retro's position that it was not aware of Berlin's involvement with Margate, as he was neither a franchisee nor an owner. Nor was Retro aware of plaintiffs' involvement with the project until months after they had made their investment. Plaintiffs cannot identify any conduct by Retro that would have caused them to believe that Retro authorized Berlin to engage in the transaction.

As DeMartini admitted at deposition, Berlin did not say he was acting on Retro's behalf. Retro played no role in the decision to invest in Margate. See Sears Mortg. Corp. v. Rose, 134 N.J. 326, 345 (1993).

## III.

Plaintiffs' claim for negligent hiring also fails. Whether Retro was aware of Berlin's past history is not relevant because when he convinced plaintiffs to invest in Margate, he was not

acting in his capacity either as a salesman or a franchise holder for Retro. His communications with plaintiffs in that capacity were limited to the New Jersey transaction, about which plaintiffs do not complain. Even in his capacity as salesman, Berlin's role was limited to an initial meeting with potential franchisees and the delivery of documents. He did not review applicants or process their applications.

Berlin's contacts with plaintiffs with regard to the Margate investment were different from his conduct when they purchased a franchise in New Jersey. He did not present documents for their signature. Berlin actively pursued their investment, and made no mention of Retro other than his initial statement that the company wanted to begin marketing outside of New Jersey. Berlin was not an employee, but an independent contractor. His discussions with plaintiffs regarding the Margate property were unrelated to plaintiffs' purchase of a franchise. DeMartini acknowledged that Berlin's representations were solely on behalf of the Margate gym, not Retro. Retro was entitled to summary judgment on this cause of action as well.

### IV.

In the absence of any proof that Retro solicited, condoned, or had knowledge that Berlin procured plaintiffs' investment in Margate, summary judgment was properly granted. Looking at the

A-1040-15T4

facts in the light most favorable to the non-moving party, they are simply insufficient to establish actual authority, apparent authority, or negligent hiring. We agree with Judge O'Brien that there are no genuine issues of material facts. No reasonable jury could decide the issue in plaintiffs' favor, and Retro was entitled to judgment as a matter of law. Brill, supra, 142 N.J. at 540.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION